UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAMINA MCKENZIE, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION.<br><br>Defendant. | Case No. 1:23-cv-01620-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiffs Adamina McKenzie and Elliot McKenzie (hereinafter collectively "Plaintiffs") are proceeding pro se and *in forma pauperis* ("IFP") in this action against Defendant the Social Security Administration. (Docs. 1, 4). Pursuant to 28 U.S.C. § 1915, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

**Screening Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

Courts may deny a pro se plaintiff leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

**Summary of Plaintiff's Complaint**

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

According to Plaintiffs' complaint, at some point, Adamina McKenzie applied for Social Security benefits. (Doc. 1 at 6). On February 9, 2023, Adamina McKenzie asserts she received

an "unofficial correspondence" from Troy Silva that was absent a signature providing her "pertinent information…for her to prepare for her hearing." *See id*. at 8-9.  Plaintiffs state Adamina McKenzie "was forced to lodge a complaint for unfair treatment against 'Mr. Silvia'" for his refusal to send her an official correspondence with a signature.  *Id*. at 8-9.

On May 25, 2022, Plaintiffs were denied entry to a federal building where Adamina McKenzie was scheduled to appear for an administrative hearing before the Social Security Administration.  *Id*. at 6, 9-10.  Plaintiffs allege they were denied entry by "F. Garcia," a security officer working on behalf of Paragon System, and "Mark Yasutomi" for refusing to wear a mask in compliance with an "alleged Executive Order."  *Id*. at 9-14.  Plaintiffs claim they both have "Severe Intractable Post Traumatic Stress Syndrome" which prevents them from wearing a mask because it obstructs their breathing.  *Id*. at 7.

On May 31, 2022, Plaintiffs assert they received correspondence from Mark Yasutomi indicating that Adamina McKenzie's hearing "was postponed because of [Plaintiffs'] alleged refusal to wear a mask."  *Id*. at 14.  Further, because they refused to wear a face mask, Plaintiffs purportedly were informed it was "necessary to require her to appear by telephone."  *Id*.  Thereafter, Plaintiffs assert they demanded an American with Disabilities Act ("ADA") accommodation to appear in an administrative hearing in person without a mask or face covering in light of their medical condition.  *Id*. at 6-7.  On June 28, 2022, Adamina McKenzie filed an administrative tort claim to the Social Security Administration ("SSA") pursuant to the Federal Tort Claims Act ("FTCA").  *Id*. at 28.  On October 4, 2022, the SSA denied Adamina McKenzie's claim finding she had provided "no evidence that a negligent act or omission of a federal employee acting within the scope of his or her employment resulted in your injury."  *Id*.

On October 5, 2022, Adamina McKenzie was scheduled for another administrative hearing.  *Id*. at 6-7.  Plaintiffs allege they were again denied the right to enter the Social Security Hearing Suite by Mr. Garcia despite informing him they had requested an accommodation.  *Id*. at 7.  Plaintiffs claim Mr. Silvia told Mr. Garcia not to allow Plaintiffs to enter without a mask.  *Id*.  On February 9, 2023, Elliot McKenzie filed an administrative tort claim to the SSA pursuant to the FTCA.  *Id*. at 30.  On May 9, 2023, the SSA denied Elliot McKenzie's claim finding he had

3

1  "provided no evidence that negligent act or omission of a federal employee acting within the
2  scope of his or her employment resulted in your injury."  *Id.* at 2.
3           On April 14, 2023, Plaintiffs allege that Adamina McKenzie filed an initial complaint for
4  damages.  *Id*. at 2.  The Court takes judicial notice that Adamina McKenzie filed a complaint
5  against the SSA asserting the same claims in the Central District of California.  *McKenzie v.*
6  *Social Security Administration, et al.*, No. 8:23-cv-00656-JWH-JDE (C.D. Cal 2023).[1]  On
7  August 4, 2023, that action was dismissed for lack of subject matter jurisdiction.
8           On November 17, 2023, Plaintiffs filed the present action in this Court.  *Id*.  Plaintiffs
9  raise the following claims against the SSA: (1) violation of Title II of the ADA 42 U.S.C. §
10 12132, (2) violation of Title III of the ADA 42 U.S.C. § 12181, and (3) retaliation under Title IV
11 of the ADA.  *Id*. at 16-24.  Plaintiffs claim the Social Security Administration committed
12 negligence and discrimination for failing to accommodate their medical conditions.  *Id*. at 16-21.
13          Plaintiffs assert "Sovereign Immunity Waiver grants this court jurisdiction as the Social
14 Security Administration is a governmental public entity that may sue and be sued."  *Id*.  Plaintiffs
15 reference several statutes and cases in support of their position.  *See id.* at 3-6.
16 **Discussion**
17          Plaintiffs' action against the Social Security Administration is barred for lack of subject
18 matter jurisdiction because the agency cannot be sued *eo nomine*.  *See Blackmar v. Guerre*, 342
19 U.S. 512, 515 (1952).  Plaintiffs have not alleged any statute that expressly authorizes suit against
20 the Social Security Administration as a defendant in its name, and thus their suit is barred.
21 *Sigman v. United States*, 217 F.3d 785, 792 (9th Cir. 2000) ("[s]uits against the United States and
22 its agencies are barred by sovereign immunity unless permitted by an explicit waiver of immunity
23 from suit.").
24          The complaint also fails to plead a waiver of sovereign immunity.  "It is axiomatic that the
25 United States may not be sued without its consent and that the existence of consent is a
26 prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S, 206, 212 (1983).  "Absent a
27
28          [1] A court may judicially notice the records and filing of other court proceedings.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 802 n. 2 (9th Cir. 2002).

4

waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (citation omitted); *see Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (stating that any legislative waiver of immunity must be strictly construed "in favor of the sovereign").

Sovereign immunity extends to the Social Security Administration and its employees. *See Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) ("The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity."); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and federal employees acting within their official capacities."); *Wheeler v. Social Sec. Admin.*, No. 1:10-cv-01679 LJO JLT, 2010 WL 3784891, at *3 (E.D. Cal. Sept. 24, 2010) ("As an agency of the United States, the SSA possesses the same sovereign immunity as the United States."), *F&R adopted* (Oct. 20, 2010). Thus, as the Social Security Administration is a federal agency, in order to maintain jurisdiction over the federal defendant in this action, Plaintiffs bear the burden to identify an express statutory waiver of sovereign immunity.

Plaintiffs vaguely assert the Social Security Administration has violated the ADA. But "the entire federal government is excluded from the coverage of the ADA." *Hackworth v. Astrue*, No. EDCV 08-01192-SJO(RC), 2009 WL 1393678, at *6 (C.D. Cal. Apr.14, 2009) (citing *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003)), cert. denied, 540 U.S. 1018 (2003); *see Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government.").

Plaintiffs also appear to claim the Social Security Administration committed negligence through the FTCA. *See* (Doc. 1 at 5, 28, 30). The FTCA expressly waives sovereign immunity for claims against the United States for personal injury, death, or property damage, 28 U.S.C. § 1346(b), if a private individual in like circumstances would be liable, § 2674. The FTCA also contains an exhumation requirement, *id*. § 2675, and a statute of limitations, § 2401. Specifically, the FTCA requires a plaintiff to file his federal court action within six months of the denial of the

administrative claim.  § 2401.  Failure to state a valid claim within the constraints of Congress' limited waiver of sovereign immunity in the FTCA deprives this Court of subject matter jurisdiction over the United States (and its branches and agencies) in an FTCA action.  § 1346(b).

At bottom, Plaintiffs' purported FTCA claim fails for two reasons.  First, the Social Security Administration, as a federal agency is not a proper defendant in a FTCA action.  *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983) (The "United States is the only proper defendant in an action brought under the Federal Torts Claims Act.").  Second, Plaintiffs claim fails to meet the FTCA's statute of limitations.  The claim was filed outside the six-month window of the denial of Plaintiffs' administrative claim.  (Doc. 1 at 30).

Plaintiffs also cite the California Tort Claims Act, "GOV § 815.2(a)," "Government Code Section 23004," and "Section 945.2." *Id*. at 6, 17).  However, none of these state statutes form a basis to waive federal sovereign immunity for the Social Security Administration.

Additionally, to the extent the claims Plaintiffs asserted in this action previously were brought in the Central District action, the claims would be precluded by the earlier judgment.  Under the doctrine of *res judicata*, or claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrine of claim preclusion protects against "the expense and vexation of attending multiple lawsuits," "conserve[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

**Leave to Amend**

Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2).  However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id*.  When a

complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Here, Plaintiffs cannot cure the defects identified above. Plaintiffs have not identified a basis to waive the Social Security Administration's sovereign immunity and Plaintiffs claims are barred by *res judicata*. The Undersigned concludes that leave to amend Plaintiffs' complaint would be futile. *See e.g., Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

**Conclusion and Recommendations**

For the reasons discussed above, the Court DIRECTS the Clerk of Court to assign a District Judge.

The Court FURTHER RECOMMENDS that:

1. Plaintiffs' complaint (Doc. 1) be DISMISSED without leave to amend; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 19, 2024**

UNITED STATES MAGISTRATE JUDGE