UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAMINA MCKENZIE, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 1:23-cv-01620-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE<br><br>Doc. 6 |

Plaintiffs Adamina McKenzie and Elliot McKenzie initiated this action by filing of a complaint against the Social Security Administration on November 17, 2023. Doc. 1. Plaintiffs proceed pro se and in forma pauperis in this matter. Docs. 1, 4.

On January 22, 2024, the assigned magistrate judge conducted a screening of plaintiffs' complaint and issued findings and recommendations to dismiss the complaint with prejudice and without leave to amend for lack of subject matter jurisdiction. Doc. 6. Specifically, the assigned magistrate judge found no basis for waiving the Social Security Administration's sovereign immunity. Doc. 6. Separately, the magistrate judge noted that plaintiffs had previously brought a case regarding substantially the same claims, which was also dismissed for lack of subject matter jurisdiction, and thus, that this action was barred by res judicata. *Id.* On February 16, 2024, plaintiffs timely filed objections to the magistrate judge's findings and recommendations. Doc. 7.

1       Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

      In their objections, plaintiffs assert the Supreme Court held in *Lane v. Pena*, 518 U.S. 187 (1996), that individuals can sue federal agencies for violations of Title II of the Americans with Disabilities Act (the "ADA"). Doc. 7 at 4-5. However, the plaintiff in *Lane* brought his claim under section 504 of the Rehabilitation Act, not the ADA, and any holding in *Lane* is inapplicable in this case.[1] *Lane*, 518 U.S. 187 at 190. *Lane* affirms that "[a] waiver of the [f]ederal [g]overnment's sovereign immunity must be unequivocally expressed in statutory text." *Id.* (citations omitted). No such waiver is expressed by text of the ADA, and the Commissioner enjoys sovereign immunity from claims under the ADA. *See, e.g.*, *Geschke v. Soc. Sec. Admin.*, No. C06-1256C, 2007 WL 1140281, *11 (W.D. Wash. April 17, 2007) (citing *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Congress has not specifically waived sovereign immunity as to the SSA, this Court has no subject matter jurisdiction over the SSA for an ADA claim"); *see also Haworth v. Astrue*, NO. EDCV 08-1192-SJO(RC), 2009 WL 1393678, *6 (C.D. Cal. May 14, 2009) (holding plaintiff could not maintain claim for violation of ADA against Commissioner given "the entire *federal* government is excluded from the coverage of the ADA") (emphasis added) (quoting *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003)). For the same reasons, plaintiffs' arguments that sovereign immunity is waived for claims against the Commissioner under Titles III and V of the ADA are also unavailing.[2]

      Plaintiffs do not contest the magistrate judge's conclusions that, to the extent plaintiffs seek to bring a claim under the Federal Tort Claims Act (the "FTCA"), the Social Security Administration is not a proper defendant in such an action and that any claim under the FTCA is

---

[1] Moreover, in *Lane*, the Supreme Court held that Congress had *not* waived the government's sovereign immunity against monetary damages for violations of section 504 of the Rehabilitation Act. *See id.* at 192.

[2] Plaintiffs cite to a Seventh Circuit decision, *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557 (7th Cir. 1999), for the proposition that the Commissioner has waived sovereign immunity for Title III claims. Doc. 7 at 5-6. However, no government entity was a party in *Doe* and, hence, the court had no occasion to address sovereign immunity in its opinion. *See generally Doe*, 179 F.3d 557.

1  barred by the statute of limitations. *See generally* Doc. 7.  Nor do they object to the magistrate
2  judge's conclusion that the Commissioner enjoys sovereign immunity regarding any claims under
3  the other provisions plaintiffs passingly cite, including the California Tort Claims Act, "GOV
4  § 815.2(a)," "Government Code Section 23004," and "Section 945.2." *See generally id.*

     Accordingly, IT IS ORDERED:

     1. The findings and recommendations issued on January 22, 2024, Doc. 6, are ADOPTED in full;

     2. Plaintiffs' complaint, Doc. 1, is DISMISSED with prejudice; and

     3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   January 22, 2025

UNITED STATES DISTRICT JUDGE

3